IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-395-RGA |
| HARRINGTON, DELAWARE POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June  / , 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed this action in March 2017 in the United States District Court for the Eastern District of Pennsylvania against the Harrington Police Department and the Justice of the Peace Court No. 6, in and for Kent County, Delaware. The matter was transferred to this Court on April 11, 2017. (D.I. 4). Jones asserts jurisdiction by reason of a United States government defendant and a federal question. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Jones alleges that from September 23, 2016 to the present, long standing enslavement, sexual slavery, forced labor, identity theft, larceny, forgery, assault, attempted murder, rape, pedophilia, and other felonious acts were committed. (D.I. 1-1 at 2). Jones alleges the acts occurred as a result of a September 23, 2016 traffic stop when Jones was stopped and ticketed for not wearing a seatbelt.

At the time of the traffic stop, Jones told the officer that he was kidnapped, that he had been kidnapped all his life, and that he desperately needed medical treatment. Jones proceeded to tell the officer about his history and advised the officer that he would be committing a felony if he ticketed Jones. The officer disagreed, ticketed Jones, and told Jones that he could call a mental health ambulance if Jones wished. Jones declined. Jones mailed in his ticket and pled "not guilty." (*Id.* at 3). The matter was set to be tried on February 27, 2017.

1

Jones alleges that he has been arrested by the Harrington Police Department on four other occasions and has appeared in the Justice of the Peace Court No. 6. The arrests occurred in 2005, 2009, and 2011. Jones was found guilty in two of the charges and the other two charges were dismissed. He alleges there were also traffic incidents and police contacts in other jurisdictions and relates his history of kidnapping, which began in 1986 in Harrington, Delaware.

Jones complains that: (1) he has been arrested by the Harrington Police Department, fined, hospitalized, expected to appear in court, and held to court orders by the Police Department; and (2) he has been fined, punished, and held to court orders by the Justice of the Peace Court. (*Id.* at 5). Jones alleges numerous violations of federal criminal law, Delaware state law, and amendments of the United States Constitution. (*Id.* at 6-10). He seeks seven billion dollars in damages and to have his actual identity restored.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

2

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than

3

simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Harrington Police Department falls under the umbrella of the City of Harrington, Delaware. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law." *Andrews,* 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of*

*New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Jones has not pled that the Harrington Police Department was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the City of Harrington directly caused harm to Jones, his § 1983 claim cannot stand. Moreover, the allegations do not rise to the level of a constitutional violation. Rather, they indicate that Jones was stopped for a traffic violation and ticketed. The claim against the Harrington Police Department is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In addition, the Justice of the Peace Court No. 6 is immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh,* 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through

the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Following the reasoning of the Third Circuit in *Benn v. First Judicial Dist. of Pa.*, the Court concludes that the Justice of the Peace Court is a state entity and, thus, immune from suit. *Benn*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity). In addition, dismissal is proper because Defendant is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008). Therefore, the Court will dismiss the claims against the Justice of the Peace Court as frivolous and based upon its immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

To the extent Jones attempts to raise supplemental state claims against the Harrington Police Department, because the Complaint fails to state federal claims, the Court declines to exercise jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (i) and (iii). The Court finds amendment futile.

An appropriate order will be entered.